IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SCHULTZ DOUGLASS FARMS L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | 4:08CV3222 |
| v. | ) ) | |
| XC NETWORKS, LTD., a Texas Corporation, CORBAN COMMUNICATIONS, INC., a Texas Corporation, CORBAN TOWERS, INC., a Texas Corporation, 360 NETWORKS, INC., a Colorado Corporation, and JOHN DOE, INC., an unidentified corporation, | ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This case was removed by defendant XC Networks, LTD ("XC") from the District Court of Seward County, Nebraska. Filing No. 1. The plaintiff, Schultz Douglass Farms L.L.C. ("Schultz Douglass") alleges that since April 3, 2006, XC has been the owner of a broadcasting tower located on the plaintiff's land in Seward County, Nebraska, but XC has not paid and refuses to pay any rent for its possession and use of that land. Schultz Douglass alleges that no written lease was in effect on April 3, 2006 allowing anyone to use and possess the plaintiff's land for the tower. The plaintiff further alleges that the owner of the tower prior to April 3, 2006 did not pay rent from October 2004 until April 2006. The plaintiff seeks recovery from XC for the fair rental value of the "Tower Plot" on plaintiff's land from April 2006 to present, and from John Doe, Inc. for rent owed for the October 2004 to April 2006 time period. See, filing no. 1-5 (plaintiff's complaint).

XC's removal notice states federal jurisdiction exists because defendant Corban Towers, Inc, ("Corban") owned the tower during the October 2004 through April 2006 time frame. XC further alleges that Corban filed bankruptcy proceedings on November 11, 2005 in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, and Corban's bankruptcy proceedings remain pending in that court. XC alleges it obtained ownership of the tower and the assignment of Corban's lease to plaintiff's land for the tower by purchasing these assets from Corban's bankruptcy estate. It claims federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1334 because plaintiff's suit relates to Corban's bankruptcy proceedings, and because the order assigning Corban's lease to XC specifically states the bankruptcy court retains exclusive jurisdiction to address matters arising from or relating to the implementation of that order.

After removing the case to this forum, XC filed a motion to transfer this action to the United States District Court for the Northern District of Texas, Dallas Division. Filing No. 4. XC argues that transfer is required because the Texas forum has jurisdiction over Corban's bankruptcy proceedings. The plaintiff has not responded to the motion to transfer.

The initial question is whether the court has subject matter jurisdiction. If federal subject matter jurisdiction is lacking, the case cannot be transferred to another federal court. Integrated Health Services of Cliff Manor, Inc. v. THCI Co., LLC, 417 F.3d 953, 957 (8th Cir. 2005)("[A] court without subject matter jurisdiction cannot transfer a case to another court under 28 U.S.C. § 1404(a)").

District courts have federal jurisdiction over all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). As summarized in Integrated Health:

> "For subject matter jurisdiction to exist in a 'related to' action, there must be some nexus between the civil proceeding and the Title 11 case." Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 774 (8th Cir. 1995). "A claim is 'related to' a bankruptcy case within the meaning of § 1334(b) if it 'could conceivably have any effect' on the bankruptcy estate." Kocher v. Dow Chemical Co., 132 F.3d 1225, 1230-31 (8th Cir. 1997)(quoting Abramowitz v. Palmer, 999 F.2d 1274, 1277 (8th Cir. 1993)). These possible effects include any matter that could "'alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankrupt estate.'" In re: Dogpatch U.S.A., 810 F.2d 782, 786 (8th Cir. 1987)(quoting Pacor v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)).

Integrated Health, 417 F.3d at 957-58.

Upon review of the plaintiff's complaint, it does not appear the plaintiff is seeking recovery from Corban. The complaint seeks recovery from XC for rents allegedly owed after the property was acquired by XC on April 3, 2006, and from John Doe, Inc. for unpaid rent incurred before that acquisition. By order of the bankruptcy court, XC acquired its interests free and clear of any prior debts or encumbrances, and Corban is not responsible for any rent owed after April 3, 2006. Filing no. 1-2, at CM/ECF pp. 6 (¶ D), 10 (¶ I).

On the record currently before the court, it is not clear how the outcome of plaintiff's breach of contract action, as alleged, could alter Corban's rights or liabilities in a manner

that impacts the handling and administration of its bankruptcy estate.  It is also not clear that the pending complaint is a matter "arising from or related to the interpretation and implementation" of the bankruptcy court's order assigning Corban's lease to XC.  See filing no. 1-2, at CM/ECF p. 10, ¶ K. See e.g., Matter of Lemco Gypsum, Inc., 910 F.2d 784 (11th Cir. 1990); In re Urban Health Services, Ltd., 154 B.R. 486, 487 (Bkrtcy. N.D. Ill. 1993).

XC's notice of removal states, "If any question arises as to the propriety of the removal of this action, XC requests the opportunity to present a brief and oral argument in support of its position that this case is removable."  Filing no. 1-1, at CM/ECF p. 6, ¶ 18.  Such questions do exist, and XC will be permitted to submit a brief and any additional evidence needed to determine if this court has subject matter jurisdiction.

IT THEREFORE HEREBY IS ORDERED:

1) On or before December 15, 2008, defendant XC Networks, LTD shall file a brief and any accompanying evidence in support of its claim that this court has subject matter jurisdiction over plaintiff's complaint.  The plaintiff is given until January 5, 2009 to file its brief and any evidence in response.  No reply brief shall be filed absent leave of the court for good cause shown.

2) The clerk shall mail copies of this memorandum and order to the following:

   360 Networks, Inc.
   c/o CT Corporation Systems
   301 South 13th Street, Ste 500
   Lincoln, NE 68508

   Corban Communications, Inc.
   c/o CT Corporation Systems
   301 South 13th Street, Ste 500
   Lincoln, NE 68508

4

Corban Towers, Inc.
c/o CT Corporation Systems
301 South 13th Street, Ste 500
Lincoln, NE 68508

Scott M. Seidel
Passman & Jones
1201 Elm St., Suite 2500
Dallas, TX 75270

DATED this 26th day of November, 2008.

BY THE COURT:

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge